

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5124
Re: Right of District Judge to
Salary when certificate of
election has not been issued
him.

This will acknowledge receipt of your letter of March 11, 1943 with which you transmitted your entire file in connection with the claim of Judge C. K. Quin for salary as Judge of the 57th Judicial District Court. You inquire as to what reply you should make to Judge Quin.

We construe your letter as a request for an opinion as to whether you should issue Judge Quin warrants for his services.

The file reflects that at the general election held November 3, 1942, Honorable C. K. Quin was a candidate for the office of District Judge of the 57th Judicial District of Texas; that on the 1st day of December 1942 the State canvassing board, consisting of the Governor, the Attorney General and the Secretary of State, did in accordance with the statutes of this State, open and count the returns of the general election held throughout the State on November 3, 1942 for District Officers, and thereafter on December 8, 1942, certified the true and correct tabulations of the votes cast for all candidates for the respective District offices as same appeared from the official election returns filed with the Secretary of State, and that C. K. Quin received the highest number of votes cast at said election for said office of District Judge of the 57th Judicial District.

598

Honorable George H. Sheppard     Page 2


The file further reflects that no certificate of election was ever made out signed and delivered to Judge Quin by the Governor as provided for in Article 3035 V. A. C. S. and that Judge Quin did on January 6, 1943 qualify as Judge of the District Court of the 57th Judicial District by taking and subscribing to the Constitutional oath of office, a certified copy of which was, on February 10, 1943, together with a U. S. Post Office money order in the amount of one dollar payable to the Secretary of State, sent to the Secretary of State by Judge Quin requesting that official to issue and forward to him a commission signed by the Governor as provided for by law (section 20 Article IV of the Constitution and Article 3040 V. A. C. S. ) The Secretary of State received the money and instruments forwarded by Judge Quin. No commission has ever been issued to or received by Judge Quin.

Article 3035 V. A. C. S. reads:
"When the returns have been counted, the Governor shall immediately make out, sign and deliver a certificate of election, with the seal of the State thereto affixed, to the person or persons who shall have received the highest number of votes for each or any of said offices."

By your letter of February 10, 1943 addressed to Judge Quin you refused payment of his salary by virtue of Article 2388, V. A. C. S. which reads:

"No official who fails or refuses to take out a commission shall be entitled to collect or receive either from the State or from individuals any money as fees of office or compensation for official services. Neither the Comptroller, commissioners court, county auditor nor any other person shall approve or pay any claim or account in favor of any such officer who has so failed or refused. The Secretary of State shall from time to time, as such commissions are issued by him, furnish a list thereof to each commissioners court, each county auditor and to the Comptroller, with the name of the county in which such officers reside. Each State, district, county and precinct officer is required to apply for and receive his commission."

Honorable George H. Sheppard, page 3

We assume for the purpose of this opinion that there is no question as to the validity of the election by virtue of which the office is claimed.

This department in construing Article 3882, supra, in our Opinion No. O-4863 said:

"This Article does not prohibit the duly appointed or elected official from acting as such, but prohibits him from collecting or receiving from the State or individuals money as fees of office or compensation for his services, if he has failed or refused to take out a commission. We do not think this Statute applicable to . . .. It is designed, in our opinion, to punish the official who is not commissioned through his own default or neglect. The language of the Statute is that no official who fails or refuses to take out a commission shall be entitled to fees of office. Each of these words implies the existence of fault upon the part of the official. . . ."

In the election contest case of Orth v. Benavides, 125 S. W (2nd) 1061, for the office of county and district clerk of Brooks County, the Court said:

"It is important to wait until the return day of the election so that the canvassing board may have an opportunity to canvass the votes and declare the result of the election, but after the result has been declared the issuing of the certificate of election is a ministerial duty and a mere matter of form. . . ."

We do not believe that Judge Quin failed or refused to take out a commission, but on the contrary we believe that he has met and executed every duty imposed upon him by law, and in view of such fact we hold that the issuance of a commission is a ministerial duty and that Judge Quin is entitled to his pay as Judge of t

Honorable George H. Sheppard     Page 4

District Court of the 57th Judicial District from the date of his qualification.  It follows that you should issue warrants covering such salary.

We return herewith all instruments submitted with your letter of request.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Lloyd Armstrong*

Lloyd Armstrong
Assistant

LA:ncd

APR 10, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN